Sean C. Serpe, Esq. (SS-6810)
SERPE & ASSOICATES, P.C.
450 Seventh Avenue
Suite 2601
New York, New York 10123
(Phone)(212) 725-3600; (Fax)(212) 660-7439
sean@seanserpelaw.com
Attorneys for Plaintiff

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★ MAY 0 7 2009 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x

SCOTT TIERNEY,

                Plaintiff,

v.

NCO FINANCIAL SYSTEMS INC.,
JOHN DOE 1, JOHN DOE 2, JANE DOE 1
AND JANE DOE 2,

                Defendants.

------------------------------------------------------------x

**09      1921**

ECF
2009 Civ.

COMPLAINT **VITALIANO, J.**

**GO, M.J.**

**Demand for Jury Trial**

Plaintiff SCOTT TIERNEY (the "Plaintiff"), through his attorneys SERPE &

ASSOCIATES, P.C., files this Complaint against defendants NCO FINANCIAL SYSTEMS

INC. (hereinafter referred to as "NCO"), JOHN DOE 1, JOHN DOE 2, JANE DOE 1 and JANE

DOE 2 (hereinafter referred to as the "Individual Defendants"; together with NCO, the

"Defendants"), for their violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et*

*seq.* (the "Fair Debt Collection Practices Act" or the "FDCPA"), and the New York General

Business Law § 349 (the "GBL"), and in support thereof alleges as follows:

**<u>Introduction</u>**

1.     This is a civil action for actual and statutory damages arising from

Defendants' violations of the FDCPA and the GBL.  The Defendants in attempting to collect a

1

debt owed by the Plaintiff to American Express (US) (hereinafter referred to as "AMEX"), contacted a third party and disclosed financial information relating to the AMEX account to said party without the consent of the Plaintiff in violation of the FDCPA and the GBL.

2.      The Plaintiff now seeks redress under the FDCPA and GBL, declaring this conduct violates these statutes, and awarding him statutory and actual damages.

### Jurisdiction

3.      Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. §1337.  Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 & 2202.  Venue in this District is proper in that the Defendants transact business here and the conduct complained of occurred here.

### Parties

4.      The Plaintiff, SCOTT TIERNEY, is a natural person residing in the County of New York, State of New York, and he resides within this District.

5.      The Plaintiff is a "consumer" as that term is defined in Section 1692(a)(3) of the FDCPA, in that the alleged debt that the Defendants sought to collect from her is a consumer debt.

6.      On information and belief, defendant NCO is a foreign corporation transacting business within New York City, County and State.

7.      On information and belief, NCO is regularly engaged, for profit, to collect or attempt to collect debts owed or due or asserted to be owed or due another.

8.      On information and belief, NCO is a "debt collector" as that term is defined in Section 1692(a)(6) of the FDCPA.

9.     On information and belief, defendant John Doe 1 is an individual residing within the State of Pennsylvania.

10.     On information and belief, John Doe 1 is regularly engaged, for profit, to collect or attempt to collect debts owed or due or asserted to be owed or due another.

11.     On information and belief, John Doe 1 is a "debt collector" as that term is defined in Section 1692(a)(6) of the FDCPA.

12.     On information and belief, defendant John Doe 2 is an individual residing within the State of Pennsylvania.

13.     On information and belief, John Doe 2 is regularly engaged, for profit, to collect or attempt to collect debts owed or due or asserted to be owed or due another.

14.     On information and belief, John Doe 2 is a "debt collector" as that term is defined in Section 1692(a)(6) of the FDCPA.

15.     On information and belief, defendant Jane Doe 1 is an individual residing within the State of Pennsylvania.

16.     On information and belief, Jane Doe 1 is regularly engaged, for profit, to collect or attempt to collect debts owed or due or asserted to be owed or due another.

17.     On information and belief, Jane Doe 1 is a "debt collector" as that term is defined in Section 1692(a)(6) of the FDCPA.

18.     On information and belief, defendant John Doe 2 is an individual residing within the State of Pennsylvania.

19.     On information and belief, John Doe 2 is regularly engaged, for profit, to collect or attempt to collect debts owed or due or asserted to be owed or due another.

20.     On information and belief, John Doe 2 is a "debt collector" as that term is defined in Section 1692(a)(6) of the FDCPA.

### Factual Allegations

21.     The Defendants in attempting to collect a debt owed by the Plaintiff to AMEX, contacted a third party and disclosed financial information relating to the AMEX account to said party without the consent of the Plaintiff.

22.     The Defendants contacted the Plaintiff's brother-in-law and discussed with him the Plaintiff's AMEX account without first verifying the Plaintiff's identity.

23.     The Defendants disclosed to the Plaintiff's brother-in-law that the Plaintiff owed a consumer debt to AMEX, which the Defendants were in the process of collecting, and attempted to collect that debt from this third party.

24.     This disclosure caused the Plaintiff substantial embarrassment and caused him significant emotional distress.

### CLAIMS FOR RELIEF

### FIRST CAUSE OF ACTION

### Violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*

25.     The Plaintiff repeats and realleges and incorporates by reference the foregoing paragraphs.

26.     The Defendants violated the FDCPA by disclosing to a third party information relating to the Plaintiff's consumer debt which he owed to AMEX.

27.     As a result of the violation of the FDCPA, the Defendants are liable to the Plaintiff for declaratory judgment that their conduct violated the FDCPA, and for the Plaintiff's actual damages, statutory damages, and cost and attorney's fees.

4

## SECOND CAUSE OF ACTION

### <u>Violation of the General Business Law, Section 349.</u>

28.     Plaintiff repeats and realleges and incorporates by reference the foregoing paragraphs.

29.     The Defendants violated the GBL by disclosing to a third party information relating to the Plaintiff's consumer debt which he owed to AME without the Plaintiff's consent.

30.     As a result of the violation of the GBL, the Defendants are liable to the Plaintiff for declaratory judgment that their conduct violated the GBL, and for the Plaintiff's actual damages, statutory damages, and cost and attorney's fees.

WHEREFORE, Plaintiff SCOTT TIERNEY respectfully requests that judgment be entered against the Defendants NCO and the Individual Defendants for the following:

A. Actual damages, as to be proven at trial, pursuant to 15 U.S.C. § 1692k and GBL Section 349;

B. Statutory damages pursuant to 15 U.S.C. § 1692k and GBL Section 349;

C. Attorneys' fees, litigation expenses and costs incurred in bringing this action;

D. For such other and further relief as the Court may deem just and proper.

## <u>Demand for Jury Trial</u>

Please take notice that the Plaintiff demands trial by jury in this action.

Dated: New York, New York
       May 4, 2009

Respectfully submitted,

SERPE & ASSOCIATES, P.C.
Attorneys for the Plaintiff

Sean C. Serpe, Esq. (SS-6810)
450 Seventh Avenue
Suite 2601
New York, NY 10123
(212) 725-3600